Filed 8/18/20  P. v. Moreno CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID HERNANDEZ MORENO,<br><br>    Defendant and Appellant. | G058421<br><br>(Super. Ct. No. 16NF0406)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed as modified.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Daniel Rogers, Christopher Beesley, and Matthew Mulford, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

THE COURT:[*]

Defendant David Hernandez Moreno was charged with nine criminal offenses and numerous enhancements. A jury convicted defendant of four felony counts: (1) reckless evasion of a police officer (Veh. Code, § 2800.2); (2) robbery (Pen. Code, § 211); (3) dissuading a witness by force or threat (Pen. Code, § 136.1, subd. (c)(1)); and (4) unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a)). The jury also found true allegations that defendant personally used a knife (Pen. Code, § 12022, subd. (b)) while committing the robbery and dissuasion of a witness offenses. Prior to trial, defendant pleaded guilty to five misdemeanor counts: (5) hit and run (Veh. Code, § 20002, subd. (a)); (6) resisting an officer (Pen. Code, § 148, subd. (a)(1)); (7) possessing burglary tools (Pen. Code, § 466); (8) possessing drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)); and (9) possessing drugs (Health & Saf. Code, § 11377, subd. (a)).

In a bifurcated proceeding, the court found true allegations that defendant had previously been convicted of seven prior strikes (Pen. Code, § 667, subd. (d), (e)(2)), one of which was a prior serious felony (Pen. Code, § 667, subd. (a)(1)). The court also found true enhancement allegations that defendant had suffered four prison priors (Pen. Code, § 667.5, subd. (b)).

The court sentenced defendant to prison for 19 years and four months, based on: (1) six years for robbery while using a knife (Pen. Code, § 213, subd. (b) [five year maximum term]; § 12022, subd. (b) [one year enhancement]); (2) four years for dissuading a witness while using a knife (§ 136.1, subd. (c)(1) [2, 3, or 4 year sentencing options]; § 1170.15 [full midterm applies to consecutive subordinate term for dissuading a witness]; § 12022, subd. (b) [one year enhancement]); (3) eight months for reckless evasion (Veh. Code, § 2800.2, subd. (a) [may be sentenced to unspecified state prison term]; Pen. Code, § 1170, subd. (h) [standard felony midterm of 2 years]; Pen. Code,

---

[*] Before Moore, Acting P.J., Aronson, J., and Fybel, J.

2

§ 1170.1, subd. (a) [subordinate term is one-third of the midterm]); (4) eight months for taking a vehicle (Veh. Code, § 10851, subd. (a) [may be punished as a felony]); (5) five years for the prior serious felony (Pen. Code, § 667, subd. (a)); and (6) three years for three of the prison priors (Pen. Code, § 667.5, subd. (b).)  The court imposed concurrent sentences for counts 5 through 9 (misdemeanors) and struck the seven prior strikes in the interests of justice.

Defendant raises a single issue in this appeal.  Effective January 1, 2020, Senate Bill No. 136 (SB 136) amended Penal Code section 667.5, subdivision (b), to limit the imposition of one-year prior prison enhancements to those prison priors deemed sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b).  Defendant's four prison priors (for property and drug crimes) are not included in the list of sexually violent offenses eligible for one-year enhancements under the current version of Penal Code section 667.5, subdivision (b).  Under law applicable at the time of sentencing, these prison priors could have resulted in consecutive one-year prison terms being added to defendant's term of imprisonment.  (Stats. 2018, ch. 423, § 65 [prior version of § 667.5, subd. (b), applicable in 2019].)  The court added three years to defendant's sentence based on the prison priors.

The Attorney General concedes defendant is entitled to relief and we agree. This case is not yet final; changes to the law that are favorable to criminal defendants should be applied retroactively absent evidence to the contrary from the legislative enactment.  (*People v. Brown* (2012) 54 Cal.4th 314, 323-324; *In re Estrada* (1965) 63 Cal.2d 740, 745.)  Case law confirms that SB 136 applies retroactively to non-final judgments.  (See, e.g., *People v. Petri* (2020) 45 Cal.App.5th 82, 94.)

The Attorney General also concedes that remanding this case for resentencing is unnecessary because the court already sentenced defendant to the maximum allowable sentence, putting to one side the striking of the prior strikes.  The respondent's brief explains:  "At the sentencing hearing, the trial court struck all seven of

Moreno's prior strikes in the interests of justice. [Citation.] Still, the court imposed the maximum consecutive term for the four felony convictions — or 11 years, four months. [Citation.] The court, moreover, added a five-year term for Moreno's prior serious-felony conviction and three years for each of Moreno's three prison terms that were separate from the serious felony. [Citation.] Upon the dismissal of the prior strikes, Moreno received the maximum sentence. [¶] . . . Because the trial court already imposed the maximum available term [not counting the strikes stricken in the interests of justice], the typical rule requiring a remand for resentencing does not apply. [Citations.]"

We accept the Attorney General's concession and modify the judgment without remanding for the exercise of sentencing discretion.

## DISPOSITION

The four prison prior enhancements (§ 667.5, subd. (b)) found true by the court and the three years of prison time added to defendant's sentence as a result of those enhancements are stricken from the judgment. Defendant's prison sentence is modified to 16 years and four months (reduced from 19 years and four months). The judgment is otherwise affirmed. The matter is remanded to the trial court solely to amend the abstract of judgment in conformity with this opinion. The trial court shall forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.